PASADENA INDEPENDENT SCHOOL DISTRICT, Appellants,

v.

Brenda EMMONS, by Next Friend Mike Emmons, Minor, Appellees.

No. 17420.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 12, 1979.

Rehearing Denied Aug. 16, 1979.

Baskin, Fakes & Stanton, Stanley D. Baskin, Pasadena, for appellants.

Ann Zimmerer, Pasadena, for appellees.

Before EVANS, WARREN and WALLACE, JJ.

WARREN, Justice.

This is an appeal by Pasadena Independent School District from an order enjoining it from enforcing a disciplinary order during the pendency of an appeal to the State Commissioner of Education.

Appellee, Mike Emmons, was accused of misconduct, and on November 27, 1978, after an informal hearing, the principal of the school assigned the appellee to the school district's guidance center for a maximum period of six (6) days. The principal's decision was appealed to the school district's assistant superintendent, superintendent, and ultimately to the board of trustees. During the pendency of these intra-district appeals, the district's administrators made no attempt to enforce the order. On January 18, 1979, the board of trustees affirmed the principal's decision.

On January 19, 1979, the appellee instituted suit in district court to temporarily restrain and enjoin the enforcement of the disciplinary order during the pendency of an appeal to the commissioner of education.

At the hearing held on the temporary injunction, the attorney for the school district admitted that the district intended to enforce the disciplinary decision. The attorney for the appellee testified that she had orally given notice of the appeal to the commissioner of education. Documentary evidence was introduced demonstrating that written notice was mailed to and received by the commissioner's office.

In three points of error, the school district urges that the district court was without jurisdiction to grant the injunction, and that the district court abused its discretion because there was no evidence or, alternatively, insufficient evidence to warrant the issuance of the injunction.

■ Appellant urges that the appellee, by failing to request a stay order from the commissioner of education, did not exhaust the administrative remedies. Neither the Texas Education Code nor the Administrative Procedure Act expressly authorizes the commissioner of education to issue an injunction or stay order. Appellant has not referred us to any case, and we have not been able to find any case indicating that the commissioner has this extraordinary power.

In *Plains Common Consolidated School District No. 1 v. Hayhurst*, 122 S.W.2d 322 (Tex.Civ.App.—Amarillo 1958, no writ), it was stated,

> The school authorities are powerless to preserve the peace of the community involved and are equally impotent, in many instances, to preserve the status quo of the subject matter of the suit. Resort may, therefore, be had to the courts for such temporary relief as may be justifiable, either for the protection of society or for the preservation of the rights of litigants which might otherwise be destroyed pending a determination on the merits." at 328.

See also *McCollum v. Adams*, 110 S.W. 526, 528 (Tex.Civ.App.—San Antonio 1908, no writ).

Appellant cites authority that administrative agencies have implied powers commensurate with their express authorities and duties. See *Stauffer v. City of San Antonio*, 162 Tex. 13, 344 S.W.2d 158, 160 (Tex. 1961). We have not been able to find any Texas case, however, which has held that an administrative officer or agency has an implied power to issue an injunction. For these reasons, we hold that the district court had jurisdiction to entertain the petition for a temporary injunction.

In the instant case, the appellee had the burden of proving: (1) that he had a probable right to appeal, (2) that his right to a meaningful appeal was being threatened and jeopardized by the school district's actions and (3) that he would probably suffer a substantial and irreparable injury if the injunction did not issue. These requirements have been referred to frequently as a probable right and a probable injury. *Granbury Independent School District v.*

*Andrews,* 439 S.W.2d 896 (Tex.Civ.App.— Fort Worth 1969, writ ref'd n. r. e.).

██ In the instant case, the appellee is afforded a right to an administrative appeal by virtue of section 11.13 of the Texas Education Code (Vernon's 1972). Appellee's attorney testified that she had perfected the appeal on behalf of her client by giving oral notice to the school board and by sending written notice to the commissioner of education. Appellee's attorney also introduced a copy of the letter sent to the commissioner of education and a return receipt evidencing delivery to the commissioner's office. Appellee's attorney, having personal knowledge of these events, was competent to offer testimony as to these matters. For these reasons, we hold that the appellee established a probable right to appeal.

The appellee also established that the alleged harm—the enforcement of the order—was imminent. The attorney for the school district admitted that the order was going to be implemented notwithstanding the appeal to the commissioner's office.

The appellee did not establish, however, that the enforcement of the order would probably constitute a substantial and irreparable injury. Appellant's first and second points of error are sustained.

Evidence of the nature and purpose of the guidance center as well as the effect of the assignment on the appellee should be considered. Certainly the nature and extent of the adverse effects on the appellee, if any, would have a bearing upon the meaningfulness of the appeal if the enforcement of the order was not enjoined.

██ Moreover, the trial court should consider the school district's need to enforce the order notwithstanding the pending appeal. There are many acts of misconduct such as hostility toward other students, serious crime, or continuous disruption of classes which might justify the separation of the student from the general student body notwithstanding the pending appeal. For this reason, there can be no absolute right to a temporary injunction to maintain the status quo pending appeal. In these cases, the right of the alleged offender to prosecute a meaningful appeal must be balanced against the rights and interests of the school administrators, teachers and other students. The court should consider and weigh the legitimate interests and rights of all concerned before intervening in the administration of school affairs. *Plains Common Consolidated School District No. 1 v. Hayhurst,* 122 S.W.2d 322 (Tex.Civ.App.— Amarillo 1938, no writ).

The judgment of the trial court is reversed and the injunction is dissolved.