HOUSTON INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

HOUSTON FEDERATION OF TEACH-
ERS, LOCAL 2415, in its representative
capacity for affected individual mem-
bers: Joe Colvin, Andy Dewey, Jane
Eixmann, Brady Davis, John F. Davis,
Appellees.

No. 01–86–0110–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 1986.

Rehearing Denied Aug. 7, 1986.

Kelly Frels, Merri Schneider-Vogel,
Bracewell & Patterson, Houston, for appel-
lant.

George M. Kirk, Jr., Callie Clark, Stra-
han & Kirk, Houston, for appellees.

Before SAM BASS, COHEN and DUNN,
JJ.

OPINION

SAM BASS, Justice.

This is an appeal from the granting of a
temporary injunction against the appellant,
Houston Independent School District (here-
inafter, "HISD"). We reverse and order
the suit dismissed.

HISD was enjoined from implementing a
plan in its senior high schools that would
have provided state-mandated tutorial ser-
vices to students during the school day.

The apparent effect of the plan would have been to lengthen the school day at some schools by approximately twenty-five minutes. The trial court enjoined HISD from changing the existing work schedules of all its high school teachers. HISD seeks dissolution of the temporary injunction.

The record reflects that the policy of HISD, as stated in the District's Administrative Procedures, is that the instructional day shall be no longer than seven hours and thirty minutes. HISD's Board of Trustees approved the lengthening of the school day to seven and one-half hours in 1975. In the fall semester of 1985, the superintendent sought permission from the Commissioner of Education to waive 55-minute minimum class periods in order to incorporate the tutorial program into the school day, with 50-minute class periods. The Commissioner denied the request. On January 3, 1986, the Board of Trustees voted to adopt the superintendent's recommendation for implementing tutorials in the spring semester. The plan would have permitted each high school to develop its own tutorial program within the guidelines presented in the recommendation, and included the flexibility to extend the school day by 15 to 30 minutes. In approving the recommendation, the Board also interpreted its policy of a seven and one-half hour instructional day to exclude the 30 minute duty-free lunch period provided teachers by statute. Tex.Educ.Code Ann. sec. 13.909 (Vernon Supp.1986).

We address first the jurisdictional question raised in appellant's third point of error. HISD argues in its third point of error that the trial court abused its discretion in granting the temporary injunction, because appellees were obligated to exhaust their administrative remedies before resorting to the courts. We agree.

Generally, the doctrine of exhaustion of remedies does not apply when pure questions of law are involved. *Grounds v. Tolar Independent School District*, 707

S.W.2d 889 (Tex.Sup.Ct.1986). *Tolar* involved the interpretation of a teacher's rights under a term contract with respect to the reassignment clause and the retroactive application of the school district's probationary policy. The appellate court had held that the Commissioner of Education did not have the power to determine the parties' legal rights under the contract. The supreme court reversed and held that "[t]he interpretation of the rights of the parties pursuant to these contracts is not a pure question of law." *Id.* at 892. Although the court in *Tolar* dealt with the interpretation of a term contract, as opposed to a continuing contract, the reasoning is soundly applicable to the instant case.

Sections 594.000 through 594.300 of HISD's Administrative Procedures set forth the procedures to be followed by employees with a grievance or complaint against HISD. Grievance is defined therein to be "a dispute or disagreement alleging a violation of the policies of the Board related to wages, hours, or conditions of work." The HISD procedures track the appeals statute of the Education Code, sec. 11.13 (Vernon 1972), by providing that a complainant shall not be denied the right to pursue legal redress through the courts. We do not interpret this provision to mean that complainants may *first* resort to the courts without pursuing the grievance and appeals procedures that have been specifically adopted by the local and state school authorities to resolve disputes concerning wages, hours, and conditions of work.

Those statutes granting broad powers to the Central Education Agency and local boards to exercise general control of the system of public education are cited by the court in *McRae v. Lindale Independent School District*, 450 S.W.2d 118 (Tex.Civ. App.—Tyler 1970, writ ref'd n.r.e.). *McRae*, involving a board's dismissal of its superintendent, held:

Determining contract disputes between a school district and its employees unques-

tionably is a matter delegated by statute to the various state administrative bodies concerned with the administration of public schools and school laws. Certainly such a contract dispute must be submitted for administrative determination and decision before any suit thereon can be filed in court.

*Id.* at 121 (footnote and citations omitted).

Section 11.13 of the Education Code requires exhaustion of administrative appeals before resorting to the courts when questions of fact are involved. *Benavides Independent School District v. Guerra,* 681 S.W.2d 246 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Unlike in the instant case, the teacher in *Benavides* had exhausted the remedies set out in the district's manual, and no question of fact remained.

■ The exhibit attached to the trial court's injunction order makes clear that fact questions exist in this case. The resolution of those questions falls within the powers and duties vested in the school authorities by the Legislature. Of the 22 high schools listed in the order, one school shows a seven hour twenty-five minute day for teachers, six schools show a seven and one-half hour day, three schools show a seven hour thirty-five minute day, and the remaining schools range from seven hours forty minutes to seven hours and fifty-three minutes in the day. The reasons for the differences in the schedules, the nature of the duty-free lunch period, and the effect of the proposed plan on the parties' rights under the continuing contracts, all involve fact questions.

Appellees were, therefore, obligated to exhaust their administrative remedies before seeking injunctive relief in district court.

We hold that appellant's plea to the jurisdiction was improperly denied. Appellant's third point of error is sustained.

The temporary injunction is dissolved, and the case below is dismissed.