HOUSTON FEDERATION OF TEACHERS, LOCAL 2415, et al., Petitioners,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, Respondent.

No. C-5729.

Supreme Court of Texas.

April 22, 1987.

Rehearing Denied June 17, 1987.

George M. Kirk, Jr. and Callie Clark, Strahan & Kirk, Inc., Houston, for petitioners.

Kelly Frels and Merri Schneider-Vogel, Bracewell & Patterson, Houston, for respondent.

ROBERTSON, Justice.

█ This case involves an appeal from a temporary injunction.[1] The Houston Federation of Teachers and several individual teachers filed suit to enjoin Houston Independent School District from implementing a plan that would allow for extension of the school day in high schools. Based upon a finding that extension of the school day would cause irreparable harm to the teachers, the trial court granted a temporary injunction. The court of appeals dissolved the temporary injunction and dismissed the suit, holding that the teachers should have first pursued their claim through the administrative process before resorting to the courts. 715 S.W.2d 369. We reverse the judgment of the court of appeals and remand the cause to that court.

In January 1986, HISD adopted a plan for providing tutorial services to high school students during the regular school day.[2] The school principals were given some discretion as to how to implement the plan but were expressly told that they could extend the school day by up to thirty minutes if necessary to fit in the tutorials.

Prior to HISD's adoption of this plan for tutorials, it had an existing policy limiting the "instructional day" to 7½ hours. At the same time it adopted the plan for tutorials, HISD interpreted the term "instructional day" in its prior policy to mean a 7½ hour day exclusive of the teachers' lunch periods. Thus, teachers could work an eight-hour day with the lunch period included.

The teachers filed suit alleging that HISD's plan for extending the school day violated their contractual rights. They sought temporary and permanent injunctive relief. During the hearing on the temporary injunction, the teachers testified that the school district's implementation of an extended day would affect their child

---

1. Absent a dissent in the court of appeals or a conflict, this court does not ordinarily have jurisdiction to review a temporary injunction. TEX. GOV'T CODE ANN. § 22.225(b)(6). However, this court does have jurisdiction to review the decision of a court of appeals on a jurisdictional question. *See Baker v. Hansen,* 679 S.W.2d 480 (Tex.1984); *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957).

2. School districts are required to provide tutorial services pursuant to legislation adopted in 1984. TEX.EDUC.CODE ANN. § 21.103. During the 1984–85 school year, HISD had provided the tutorial services after regular school hours and teachers were paid extra for teaching the tutorial classes. For the 1985–86 school year, HISD first tried to incorporate the tutorials into the regular school day by cutting the length of all class periods from fifty-five to fifty minutes; however the Commissioner of Education refused to allow HISD to shorten the regular class periods. HISD next adopted the plan from which this controversy arose.

care arrangements, transportation arrangements, and second jobs. Finding that the teachers would suffer severe, immediate and irreparable harm if HISD's plan were implemented, the trial judge issued a temporary injunction. This finding of irreparable harm has not been disturbed on appeal because the court of appeals dismissed the suit without ever addressing the merits of the temporary injunction.

In light of the trial court's undisturbed finding of irreparable harm, we conclude that the court of appeals erred in dismissing the suit. *See Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312, 316 (Tex.1968); *Public Utility Commission of Texas v. Pedernales Electric Cooperative, Inc.*, 678 S.W.2d 214, 220 (Tex.App.—Austin 1984, writ ref'd n.r.e.). It should have first considered the merits of the temporary injunction.

By its very definition, irreparable harm means that an award of damages months later will not provide adequate compensation. The Commissioner of Education is not authorized to order immediate injunctive relief. *See Pasadena Ind. School District v. Emmons*, 586 S.W.2d 151, 152 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ dism'd). Therefore, if the teachers will suffer irreparable harm and if they are required to go through the administrative process before obtaining injunctive relief, they will have no possibility of an adequate remedy; any irreparable harm will already be suffered by the time relief can be obtained.

Parties are not required to pursue the administrative process regardless of the price. If irreparable harm will be suffered and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction in order to provide an adequate remedy. *See Emmons*, 586 S.W.2d at 152; *Texas State Bd. of Pharmacy v. Walgreen Texas Co.*, 520 S.W.2d 845, 848 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *see also* 4 K. Davis, *Administrative Law Treatise* § 26.15 (2nd ed. 1983). Therefore, we reverse the judgment of the court of appeals and remand the cause to that court for it to decide whether

the trial court clearly abused its discretion in granting the temporary injunction. *See Davis v. Huey*, 571 S.W.2d 859 (Tex.1978).

MAUZY, J., filed a concurring opinion.

KILGARLIN, J., filed a concurring opinion joined by WALLACE, J.

HILL, C.J., filed a dissenting opinion joined by GONZALEZ, J.

MAUZY, Justice concurring

I concur in the opinion of the court. However, I write to additionally point out that Houston Independent School District's action was in contravention of the Duty-Free Lunch Law. TEX.EDUC.CODE ANN. § 13.909. Under this statute, teachers are to be allowed at least a thirty-minute period for lunch; and a school district's provision of a duty-free lunch period cannot result in a lengthening of the school day.

By interpreting its existing 7½ hour day policy so as to exclude the lunch period, Houston Independent School District effectively used the lunch period to lengthen the school day. Such action constitutes an evasion of the statute.

Whenever a school board acts in contravention of a statute, its act is void and those affected have the right to appeal directly to the courts. *Benavides Independent School District v. Guerra*, 681 S.W.2d 246, 249 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The teachers went to court seeking relief for contractual violations. Although the teachers did not specifically plead a statutory violation, their contracts expressly provided that they were to be governed by the school laws of this State. Therefore, in seeking relief under their contracts, the teachers also sought relief from this statutory violation and were entitled to resort directly to the courts.

For this reason and for the reasons expressed in the court's opinion, I conclude that the court of appeals erred in dismissing the suit.

KILGARLIN, Justice, concurring.

I concur in reversing the judgment of the court of appeals and remanding this cause to that court for consideration of the merits of the temporary injunction granted by the District Court of Harris County, Texas. But, this case can and properly should be resolved under a long line of Texas cases holding that when facts are undisputed, bypassing administrative channels by immediately resorting to the courts is permissible.

Before discussing the basis of my concurrence, I note that neither the court nor the dissenting opinion mentions *Grounds v. Tolar Independent School District*, 707 S.W.2d 889 (Tex.1986). In fairness to Houston Independent School District, as *Grounds* was the major case relied upon by it for support of its position, *Grounds* should be discussed. In *Grounds*, we held that when administrative remedies were sought by a teacher, an order of the State Commissioner of Education could not be collaterally attacked by suit in a court while appeal from the administrative order was still available. But, *Grounds* was limited to rights accruing under the Term Contract Non-renewal Act. The case at bar is dissimilar, being neither a term contract non-renewal dispute, nor an effort to collaterally attack an order of the Commissioner of Education.

I take issue with the dissent that numerous questions of fact must still be decided in order to resolve the current dispute. The record contains the recommendation of the H.I.S.D. school superintendent to provide for tutorials; the action of the school board in approving the recommendation; the schedule of each H.I.S.D. high school reflecting amended hours of work so as to provide tutorial time; H.I.S.D. rules pertaining to the operation of tutorial programs, reflecting, among other things, which courses of study shall be covered and who shall attend; copies of employment contracts of the individual plaintiffs with H.I.S.D.; and, a copy of H.I.S.D. administrative procedures, reflecting a guaranteed maximum seven and a half hour instructional day for teachers. Additionally, by statute, teachers are guaranteed a minimum duty-free lunch period. It being undisputed that the regulation adopted by H.I.S.D. on January 6, 1986, required an instructional day for senior high school teachers commencing with the Spring 1986 schedule in excess of seven hour thirty minutes per day, there are no facts left to resolve. The question is simply one of breach of contract and, pending resolution of that issue, whether the teachers had a right to a temporary injunction enjoining H.I.S.D. from enforcing its increased school day policy.

The current provision governing appeals from school board actions is Tex.Educ.Code Ann. § 11.13. That statute was most recently interpreted in *Benavides Independent School District v. Guerra*, 681 S.W.2d 246 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). In *Benavides*, the court of appeals stated "[c]ontrary to the contention of B.I.S.D., section 11.13 does not mandate exhaustion of the administrative remedies stated therein." *Id.* at 248. Like this case, *Benavides* involved an appeal of an order granting a temporary injunction. *Benavides* held that when facts were not in dispute, immediate resort to the courts was proper. It relied upon two supreme court cases, *Cook v. Neill*, 163 Tex. 49, 352 S.W.2d 258 (1961), and *Mission Independent School District v. Diserens*, 144 Tex. 107, 188 S.W.2d 568 (1945).

*Diserens*, the case relied upon by the dissent, concluded that as there were not controverted questions of fact (as in our instant case, *Diserens* involved a breach of contract allegation), immediate resort to the courts was proper. *Cook v. Neill* observed that the language in *Diserens* was dicta and stated in respect to another case following the rule of *Diserens*, "[i]f taken out of proper context and read literally, this language would compel the result that in *all* school cases where there is not a pure question of law involved, the school authorities would have jurisdiction of the controversy to the complete *exclusion* of the courts. This is not the law." 163 Tex. at 59; 352 S.W.2d at 264 (emphasis in original).

In reality, *Cook v. Neill* supports the position of the teachers' union in this case as it would have permitted, even when facts were in dispute, resort to the courts, so long as a binding election to pursue the administrative route had not first been made. Consistent with *Cook v. Neill* is *Benton v. Wilmer-Hutchins Independent School District*, 662 S.W.2d 696 (Tex.App.—Dallas 1983, writ dism'd w.o.j.), where the court of appeals observed that while not all facts were undisputed, those still in dispute were immaterial. The court of appeals reversed the denial of a temporary injunction in a suit by teachers against the school district to enjoin the district from making pay deductions from the teachers' monthly checks. The Dallas court concluded that irreparable harm would exist if the injunction did not issue and further determined that the remedy of administrative appeal was wholly inadequate.

A case involving reasonableness of school district policy involving tuition-free school attendance was determined to be solely a question of law in *Jackson v. Waco Independent School District*, 629 S.W.2d 201 (Tex.App.—Waco 1982, writ ref'd n.r. e.). The court of appeals held it had jurisdiction over the matter because the issue of the policy's reasonableness was a question of law.

The controlling facts in the case at bar being undisputed, I would rely upon sound precedent that the courts do have jurisdiction in this matter. Accordingly, I join in the reversal of the judgment of the court of appeals.

WALLACE, J., joins in this concurring opinion.

HILL, Chief Justice, dissenting.

The longstanding general rule in Texas school law cases is that parties must exhaust available administrative remedies before resorting to the courts when there are facts in dispute. *Mission Independent School District v. Diserens*, 144 Tex. 107, 111, 188 S.W.2d 568, 570 (1945). Any harm that the teachers might have suffered had they been required to pursue an appeal through administrative channels is far out-weighed by the damage the majority's departure from this rule will wreak upon the administrative law of this state.

Numerous issues of fact will have to be decided in order to resolve this dispute. As the court of appeals recognized, it is unclear from the record before us exactly how HISD's plan would have been implemented within the various high schools in the district. Another contested central fact issue concerns the degree of autonomy the teachers have exercised in the past as to how they would spend their lunch hours. These are exactly the types of factual issues that should aptly be resolved in the first instance by authorities familiar with the day-to-day administration of public schools. The majority's opinion thus undermines one of the most important purposes of the exhaustion doctrine: allowing administrative bodies to apply expertise to questions of fact and policy. *See Public Utility Commission of Texas v. Pedernales Electric Cooperative, Inc.*, 678 S.W.2d 214, 220 (Tex.App.—Austin 1984, writ ref'd n.r.e.). Accordingly, I must dissent.

GONZALEZ, J., joins in this dissent.