

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00133-CV

**ROMA INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

Noelia M. **GUILLEN**, Raul Moreno, Dagoberto Salinas, and Tony Saenz,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-13-64
David Wellington Chew, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  February 25, 2013

AFFIRMED

This is an appeal from a trial court's order denying appellant Roma Independent School District's ("RISD") plea to the jurisdiction.  The notice of appeal was filed in this court on February 21, 2013.  Upon motion by appellees Noelia M. Guillen, Raul Moreno, Dagoberto Salinas, and Tony Saenz (collectively "Guillen"), we have expedited review of this appeal and are hearing this matter upon sworn copies of the original papers and without briefs pursuant to Rule 28.1(e) of the Texas Rules of Appellate Procedure.  We affirm the trial court's denial of the plea to the jurisdiction.

**BACKGROUND**

On December 19, 2011 and November 15, 2012, the Board of Trustees ("the Board") for RISD passed resolutions changing the election dates for the seven-member Board. The December 19 resolution changed the term of the Board members from three to four years and changed the election dates for Board members to May of odd-numbered years. The November 15 resolution changed the election dates for Board members to November of even-numbered years. The result of these changes was to allow current Board members to extend their original three-year terms to between four and a half and five and a half years.

Guillen, Moreno, Salinas, and Saenz are voters and taxpayers who reside within the RISD. Moreno, Salinas, and Saenz had announced their intent to run for the Board in the May 2013 election. Accordingly, when the Board passed the November 15 resolution changing the election dates for the second time, and thereby extending the terms of the current Board members, Guillen filed suit under the Uniform Declaratory Judgments Act. Guillen asked the trial court to (1) declare the Board's actions void, and (2) award temporary injunctive relief by abating the application and enforcement of the December 19 resolution; preventing RISD from taking any action to extend the terms of the current trustees beyond the May 2013 election date; and ordering that an election be held in May of 2013 for all Board trustees whose terms were scheduled to expire at that time.

In response, RISD filed an answer and a plea to the jurisdiction. The plea stated:

Defendant RISD has sovereign and/or governmental immunity from suit from the claims stated by [Guillen]. [Guillen] failed to exhaust administrative remedies prior to filing suit in this matter and failed to comply with statutory prerequisites to suit. The Court does not have equitable jurisdiction to determine the discretionary political questions that are at the heart of this suit.

Guillen filed special exceptions, complaining the plea failed to adequately describe the grounds upon which it was based. The plea was set for hearing on February 19, 2013. Prior to the hearing, RISD filed a "Trial Brief" in which it set forth the specific grounds for the plea. In the trial brief, RISD's only arguments with regard to the trial court's subject matter jurisdiction (rather than the viability of Guillen's claims) was that Guillen had failed to exhaust the required administrative remedies under the Texas Education Code, specifically section 7.057, and courts are wholly prevented from regulating school districts on discretionary decisions affecting elections. Accordingly, RISD claims the trial court lacked jurisdiction. In response, Guillen claimed she was not required to exhaust administrative remedies under the Education Code because the claims asserted fall within one or more exceptions to the rule that a party seeking relief from the administration of "school laws" must exhaust administrative remedies before filling suit in state court.

The trial court held a hearing on February 19, 2013, intending to consider the plea to the jurisdiction and Guillen's request for temporary injunctive relief. The plea to the jurisdiction was considered first. After considering the plea, the response, the pleadings, and the argument of counsel, the trial court denied RISD's plea to the jurisdiction. The trial court then took a short recess, intending to resume shortly thereafter and consider the request for injunctive relief. During the recess, however, RISD filed a notice of appeal pursuant section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, which permits an interlocutory appeal from an order denying a plea to the jurisdiction filed by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012). When RISD filed the notice of appeal, an automatic stay was statutorily imposed, precluding the trial court from proceeding with regard to the request for injunctive relief. *See id.* § 51.014(b).

After RISD filed its notice of appeal, Guillen filed a Motion for Emergency Relief and Motion to Dissolve Automatic Stay. In that motion, Guillen asked, among other things, that we expedite this matter and decide it under the mandates of Rule 28.1(e) of the Texas Rules of Appellate Procedure, which permits this court to hear an accelerated appeal (1) on the original papers forwarded by the trial court or on sworn copies of those papers, and (2) without briefs. *See* TEX. R. APP. P. 28.1(e). We granted the request by order.

## ANALYSIS

The issue before this court is whether the trial court erred in denying RISD's plea to the jurisdiction. In its plea, RISD's only arguments with regard to the trial court's subject matter jurisdiction (rather than the viability of Guillen's claims) were: (1) Guillen had failed to exhaust the required administrative remedies under the Texas Education Code, specifically section 7.057, depriving the trial court of subject matter jurisdiction, and (2) courts are wholly prevented from regulating school districts on discretionary decisions affecting elections, relying upon *Blum v. Lanier*, 997 S.W.2d 259 (Tex. 1997). We hold the trial court did not err in denying the plea.

### *Standard of Review*

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). The existence or absence of subject matter jurisdiction is a question of law, and therefore we review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 337 (Tex. App.—San Antonio 2010, no pet.). In conducting our de novo review, we look to the plaintiff's petition to determine whether the facts as pled affirmatively demonstrate that jurisdiction exists. *Holland*, 221 S.W.3d at 642–43. We must accept the allegations in the petition as true, construe them in favor of the pleading party, and examine the pleader's intent. *Stevens*, 330 S.W.3d at

337. We also consider any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Miranda*, 133 S.W.3d at 227. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdiction issue, the trial court rules on the plea as a matter of law. *Id.* at 228. Here, we find the evidence presented is not probative of the existence of any disputed jurisdictional facts, and therefore, we must decide the existence of jurisdiction as a matter of law.

### *Exhaustion of Administrative Remedies*

In Texas, the "'[f]ailure to exhaust administration remedies is truly jurisdictional in nature; it deprives courts of subject-matter jurisdiction over a claim.'" *Lueck v. State*, 325 S.W.3d 752, 763 (Tex. 2010) (quoting *Tex. Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00645-CV, 2005 WL 1991809, at *4 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.)). Under Texas law, an aggrieved party whose claim relates to the administration of school laws must exhaust her administrative remedies with the Commissioner of Education before turning to the courts for relief. *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366 (Tex. App.—San Antonio 2004, no pet.); *see* TEX. EDUC. CODE ANN. § 7.057(a)(1) (West 2012) (stating person may appeal in writing to Commissioner of Education if person is aggrieved by (1) "school laws" of this state, or (2) actions or decisions of a school district board of trustees that violate "school laws" of this state or the provisions of a written employment contract between school district and school district employee if would cause monetary harm to employee). There are, however, several exceptions to this general rule: (1) the aggrieved party will suffer irreparable harm and the commissioner is unable to provide relief; (2) the claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the

claims involve parties acting outside the scope of their employment with the school district. *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 291–92 (Tex. App.—Dallas 2005, no pet.) (citing *Gutierrez*, 139 S.W.3d at 366; *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773–74 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex. 1987)). Guillen contends she was not required to exhaust her administrative remedies based on one or more of these exceptions.

Guillen argues she was not required to exhaust her administrative remedies because her claims were not related to damage from Texas "school laws." *See Dotson*, 161 S.W.3d at 291–92. Thus, the Commissioner of Education was without authority, i.e., jurisdiction, to review the claims.[1] As noted above, the Commissioner of Education has authority to review claims if the aggrieved party is damaged by: (1) the school laws of the state; or (2) actions or decisions by a school board that violate: (a) the school laws of the state; or (b) a provision of a written employment contract between the school district and an employee, if the violation causes or would cause monetary harm to the employee. TEX. EDUC. CODE ANN. § 7.057(a). "School laws" are defined as those in Title 1 and Title 2 of the Texas Education Code. *Id.* § 7.057(f)(2).

We have reviewed Guillen's live petition. Arguably, and as pointed out by RISD, some of her claims may constitute grievances under the "school laws" of this state. Specifically, Guillen contends RISD violated sections 11.059(a), 11.059(c), and 11.059(e) of the Texas Education Code. Accordingly, these claims, and any others that rely on provisions in Title 1 and Title 2 of the Education Code, might require Guillen to pursue and exhaust the administrative

---

[1] Section 7.057(a–1) specifically states a person is not required to appeal to the Commissioner of Education before filing suit if she is pursuing a remedy under a law outside of Title 1 or Title 2 of the Education Code. TEX. EDUC. CODE ANN. § 7.057(a–1).

remedies set forth in section 7.057 of the Education Code. If so, the trial court would lack subject matter jurisdiction over these claims. *See Lueck*, 325 S.W.3d at 763.

However, we hold that several of Guillen's claims, i.e., the alleged violations of the Texas Election Code and the Texas Administrative Code, are not grievances under Texas "school laws" as that term is defined in the Education Code. Accordingly, the Commissioner of Education would lack authority, i.e., jurisdiction, to review these claims. This is one of the exceptions to the general rule that an aggrieved person complaining about the administration of school laws must exhaust her administrative remedies with the Commissioner under the Education Code. *See Dotson*, 161 S.W.3d at 291–92. Moreover, section 7.057(a–1) specifically states that a person is "not required to appeal to the commissioner before pursuing a remedy under a law outside of Title 1 or [Title 2]." TEX. EDUC. CODE ANN. § 7.057(a–1). Accordingly, we hold the trial court's denial of RISD's plea to the jurisdiction on these non-school law claims was not error.

As for the claims that might be "school law" claims, based on Guillen's assertion that RISD violated several provisions of the Education Code, we hold another exception is applicable—the aggrieved party will suffer irreparable harm and the commissioner is unable to provide relief. *See Dotson*, 161 S.W.3d at 291–92. In *Houston Fed'n of Teachers, Local 2415*, the Texas Supreme Court held the Houston Federation of Teachers and several individual teachers were not required to pursue the administrative process under the Education Code if they would suffer irreparable harm and they could not obtain adequate relief from the process. 730 S.W.2d at 646. Thus, if Guillen would suffer irreparable harm and the Commissioner of Education could not provide her with adequate relief, she is not required to exhaust her administrative remedies under the Education Code. *See id.*; *see also Barrientos v. Ysleta Indep.*

*Sch. Dist.*, 881 S.W.2d 159, 161 (Tex. App.—El Paso 1994, no writ) (recognizing irreparable harm exception).

"[I]rreparable harm means that an award of damages months later will not provide adequate compensation." *Houston Fed'n of Teachers, Local 2415*, 730 S.W.2d at 646; *see Gutierrez*, 139 S.W.3d at 367. In *Houston Fed'n of Teachers, Local 2415*, the supreme court recognized that teachers could not obtain the immediate injunctive relief they sought if they pursued their complaints through the administrative process because an award of damages at some time in the future would not provide adequate compensation, and "[t]he Commissioner of Education is not authorized to order immediate injunctive relief." 730 S.W.2d at 645–46 (citing *Pasadena Indep. Sch. Dist. v. Emmons*, 586 S.W.2d 151, 152 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ dism'd)); *see Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Neither the Education Code nor the Administrative Procedure Act expressly authorize the Commissioner of Education to issue an injunction. *Emmons*, 586 S.W.2d at 152. And, we have found no case law or other authority indicating the Commissioner has this extraordinary power. Thus, if the aggrieved party cannot be compensated by damages at a later date, and is seeking immediate injunctive relief rather than damages, the party is not required to exhaust the administrative process through the Commissioner of Education because he cannot provide the injunctive relief sought. *See Houston Fed'n of Teachers, Local 2415*, 730 S.W.2d at 646; *Emmons*, 586 S.W.2d at 152; *Mitchison*, 803 S.W.2d at 773.

Here, the sworn record establishes Guillen is not seeking monetary damages; rather, she is seeking injunctive relief, asking the trial court to abate the application and enforcement of the December 19 resolution; prevent RISD from taking any action to extend the terms of the current trustees beyond the May 2013 election date; and order that an election be held in May of 2013

for all Board trustees whose terms were scheduled to expire at that time. Moreover, Moreno, Salinas, and Saenz had announced their intent to run for the Board in the May 2013 election, which was, in effect, cancelled by the December 19 resolution. Without court intervention, there will be insufficient time to call an election for May 2013, and the current trustees will be allowed to remain in office beyond their original terms. Moreno, Salinas, and Saenz will be denied the right to run for the Board in May 2013. These injuries are immeasurable in monetary terms, and even if some amount of damages could be determined, it will not compensate Guillen and the others for the alleged state law violations.

Accordingly, we hold that with regard to any claims that might be deemed "school law" claims under the Texas Education Code, Guillen was not required to exhaust any administrative remedies because her harm is irreparable in that "an award of damages months later will not provide adequate compensation." *Houston Fed'n of Teachers, Local 2415*, 730 S.W.2d at 646; *see Gutierrez*, 139 S.W.3d at 367. Therefore, the trial court did not err in denying RISD's plea to the jurisdiction with regard to the potential "school law" allegations.

### *Courts Precluded From Regulating School District Discretionary Election Decisions*

In addition to its claim that the trial court lacked jurisdiction because Guillen failed to exhaust her administrative remedies, RISD contends the trial court lacked jurisdiction because courts are wholly prevented from regulating school districts on discretionary decisions affecting elections. In support of this position, RISD relied upon *Blum v. Lanier* and its progeny.

Assuming without deciding that this would deprive the trial court of subject matter jurisdiction, we hold RISD is simply incorrect—courts are not always precluded from weighing in on a school district's discretionary decisions with regard to school-related elections. In *Blum*, a voter attempted to stop the City of Houston from using certain language on a ballot to describe a proposed amendment to the city charter. *Blum*, 997 S.W.2d at 259–60. The city responded,

arguing the trial court lacked jurisdiction "to enjoin any part of the election process." *Id.* at 261. The trial court concluded it lacked subject matter jurisdiction to issue an injunction. *Id.* at 260–61. The voter appealed, and the case was ultimately reviewed by the Texas Supreme Court.

As noted by RISD in its trial brief, the supreme court stated in *Blum* that "separation of powers and the judiciary's deference to the legislative branch require that judicial power not be invoked to interfere with the elective process." *Id.* at 263. In accordance with that statement, the supreme court held that although the voter had "no right to enjoin the scheduled election," the trial court had jurisdiction to issue an injunction forbidding the city from using misleading language on the ballot as long as the injunction did not operate to delay or cancel the called election. *Id.* at 263–64. Accordingly, contrary to RISD's assertion, *Blum* does not stand for the proposition that a court is divested of jurisdiction when it involves election complaints or that courts may never interfere in the election process. Moreover, *Blum* is distinguishable because in that case an election had been called and was scheduled. Here, there is no interference with a called election; rather, the complaint is there is no called election. Texas law is replete with instances in which courts have ordered local governmental entities to hold elections when mandated by local or state law. *See, e.g., Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980) (granting petition for writ of mandamus and requiring city council to submit proposed city charter amendment to public for vote); *In re Link*, 45 S.W.3d 149, 154 (Tex. App.—Tyler 2000, no pet.) (granting petition for writ of mandamus and requiring county commissioners to submit petition to increase salaries of sheriff's department to voters); *Arenas v. Board of Commissioners of City of McAllen*, 841 S.W.2d 957 (Tex. App.—Corpus Christi 1992, no writ) (conditionally granting petition for writ of mandamus and requiring board of commissioners to call election to determine whether minimum salaries of members of city police department should be increased).

Therefore, we hold that neither the supreme court's holding in *Blum*, nor the holdings in any of its progeny, deprive the trial court of subject matter jurisdiction of Guillen's claims. Accordingly, the trial court did not err in denying RISD's plea based on this assertion.

## CONCLUSION

Based on the foregoing, we hold the trial court did not err in denying RISD's plea to the jurisdiction. Accordingly, we affirm the trial court's judgment. Because we are affirming the denial of the plea, the automatic stay statutorily imposed by section 51.014(b) of the Civil Practice and Remedies Code is lifted. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b).

Given the time constraints apparent in this matter, we order that no motions for rehearing or requests for en banc reconsideration may be filed. *See* TEX. R. APP. P. 2 (stating that on its own initiative, appellate court may—to expedite decision or for other good cause—suspend rule's operation in a particular case and order different procedure). We further order the clerk of this court to issue the mandate immediately. *See id.*

Marialyn Barnard, Justice