ACCEPTED
03-15-00285-CV
6748454
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/1/2015 3:02:44 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00285-CV

### IN THE THIRD COURT OF APPEALS
### AUSTIN, TEXAS

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/1/2015 3:02:44 PM
JEFFREY D. KYLE
Clerk

*Appellants*

vs.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND
THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

### APPELLANTS' REPLY BRIEF

S. Shawn Stephens
Texas Bar No. 19160060
James P. Sullivan
Texas Bar No. 24070702
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile:  (713) 751-1717

**Counsel for Appellants Volkswagen Group of America, Inc. and
Audi of America, Inc.**

### ORAL ARGUMENT REQUESTED

# ABBREVIATION TABLE

| | |
|---|---|
| SOAH | State Office Of Administrative Hearings |
| ALJ | Administrative Law Judge |
| PFD | Proposal for Decision |
| Contested Case | The administrative contested case styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division |
| Audi | Volkswagen Group of America, Inc. and Audi of America, Inc.  (Audi of America, Inc. is an operating unit of Volkswagen Group of America, Inc.). |
| Board | Texas Department of Motor Vehicles Board |
| Division | Texas Department of Motor Vehicles, Motor Vehicle Division |
| VWGoA | Volkswagen Group of America |

# TABLE OF CONTENTS

ABBREVIATION TABLE.................................................................................................i

TABLE OF AUTHORITIES........................................................................................ iv

ISSUES PRESENTED ............................................................................................... vii

ARGUMENT AND AUTHORITIES ...........................................................................1

I.  THE *ULTRA VIRES* EXCEPTION TO THE EXHAUSTION OF
    REMEDIES AND GOVERNMENTAL IMMUNITY DOCTRINES GAVE
    THE DISTRICT COURT JURISDICTION OVER THIS CASE. ..................................2

    A.  The Uncontroverted Evidence Shows Appellees' Actions
    Were Not Authorized By the Code or By SOAH Rules. ..............4

    B.  Exhaustion Is Not Required Where, As Here, The Only
    Question Is A Legal One. .............................................................5

    C.  Purely Legal Questions Are More Appropriately
    Addressed By The Courts. ............................................................8

    D.  Exhaustion of Remedies Would Be Futile and Would
    Actually Prevent Meaningful Review of Appellees' Acts..........10

    E.  SOAH Interprets the Plain Language of Rule 155.153 As A
    Limitation On Remand/Reopening the Record, Just As
    Audi Does. ...................................................................................12

        1.  Appellees' argument is contrary to the plain language
    of the Code and Rule and would render the Rule
    meaningless. ................................................................13

        2.  Appellees' interpretation of Rule 155.153 conflicts with
    SOAH's interpretation. ...............................................15

        3.  The District Court erred by allowing Appellees, who
    are agency actors, to self-create new powers not given
    to them by the legislature............................................16

ii

II. Audi Does Not Seek Improper Retroactive Relief Nor Does It Seek Redundant Relief. ...............................................19

    A. Audi Does Not Seek Retroactive Relief. ......................................20

    B. The Relief Requested By Audi Is Not Redundant of Relief It Could Obtain In An Appeal After A Final Order In The Contested Case..............................................................................21

III. STATUTES, RULES AND PROCEDURES MUST BE APPLIED UNIFORMLY IN ALL CONTESTED CASES TO MAINTAIN A FAIR PROCESS FOR ALL.................................................................................25

PRAYER AND REQUEST FOR RELIEF ............................................................27

CERTIFICATE OF COMPLIANCE ..................................................................30

CERTIFICATE OF FILING AND SERVICE......................................................30

iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,*
209 S.W.3d 644 (Tex. 2006)................................................................14

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009)..................................................*passim*

*City of Houston v. Rhule,*
417 S.W.3d 440 (Tex. 2013)..................................................................3

*City of Sherman v. Public Utility Comm'n of Texas,*
643 S.W.2d 681 (Tex. 1983)..................................................................3

*Ellis v. Reliant Energy Retail Servs., L.L.C.,*
418 S.W.3d 235 (Tex. App.—Houston [14th Dist.] 2013)...........................15

*Fleming Foods of Texas, Inc. v. Rylander,*
6 S.W.3d 278 (Tex. 1999)................................................................15

*Hous. Fed'n of Teachers, Local 2415 v. Hous. Indep. Sch. Dist.,*
730 S.W.2d 644 (Tex. 1987).................................................23, 24

*Hous. Indep. Sch. Dist. v. Rose,*
No. 01-13-00018-CV, 2013 WL 3354724 (Tex. App.—Houston [1st
Dist.] July 2, 2013, no pet.) (mem. op.)......................................9, 10

*Larry Koch, Inc. v. Tex. Natural Res. Conservation Comm'n,*
52 S.W.3d 833 (Tex. App.—Austin 2001, pet. denied)................................4

*Madison v. Martinez,*
42 S.W.2d 84 (Tex. Civ. App.—Dallas 1931, writ ref'd) ...........................21

*Meno v. Kitchens,*
873 S.W.2d 789 (Tex. App.—Austin 1994, writ denied)...........................14

*Montgomery I.S.D. v. Davis,*
    34 S.W.3d 559 (Tex. 2000)..................................................................26

*In re Office of Attorney Gen.,*
    422 S.W.3d 623 (Tex. 2013)...............................................................14

*Patel v. Texas Department of Licensing and Regulation,*
    2015 WL 3982687 (Tex. 2015)......................................................22, 23

*Pub. Util. Comm'n v. City Pub. Serv. Bd. Of San Antonio,*
    53 S.W.3d 310 (Tex. 2001)............................................................17, 19

*Rodriguez v. Serv. Lloyds Ins. Co.,*
    997 S.W.2d 248 (Texas. 1999).............................................................6

*Sexton v. Mount Olivet Cemetery Assn,*
    720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.).....................16

*In re Shields,*
    190 S.W.3d 717 (Tex. App.—Dallas 2005, orig. proceeding) ....................21

*Southwest Royalties, Inc. v. Combs,*
    2014 WL 4058950 at *3 (Tex. App.—Austin 2014 pet. filed) .....................14

*Southwestern Bell Tel., L.P. v. Emmett,*
    _ S.W.3d _, 58 Tex. Sup. Ct. J. 567.............................................*passim*

*Strayhorn v. Lexington Ins. Co.,*
    128 S.W.3d 772 (Tex. App. - Austin 2004), aff'd, 209 S.W.3d 83
    (Tex. 2006) .........................................................................8, 10, 11, 12

*Texas Commission on Environmental Quality v. Texas Farm Bureau,*
    460 S.W.3d 264 (Tex. App.—Corpus Christi 2015,
    pet. filed).......................................................................15, 17, 19

*Texas Orthopaedic Ass'n. v. Texas State Bd.,*
    254 S.W.3d 714 (Tex. App.—Austin 2008, pet. denied)..............................15

*Westheimer Indep. Sch. Dist. v. Brockette,*
    567 S.W.2d 780 (Tex. 1978)...............................................................3

v

**Statutes**

1 TEX. ADMIN. CODE ANN. § 155.153 ...........................................................*passim*

16 TEX. ADMIN. CODE ANN. § 22.262 (c) .....................................................17, 18

30 TEX. ADMIN. CODE ANN. § 80.265 ...........................................................17, 18

TEX. GOV'T CODE ANN. § 22.221(a) ...................................................................21

TEX. GOV'T CODE ANN. § 2001.058(e) ........................................................2, 6, 13

TEX. GOV'T CODE ANN. § 2003.047(m) ...............................................................18

TEX. GOV'T CODE ANN. § 2001.171 .....................................................................22

TEX. OCC. CODE ANN. § 2301.709(a) (West 2014) .................................................2

**Other Authorities**

Emmy Edwards, *Ancillary Powers of the Courts of Appeals,*
10 APP. ADVOCATE 8 (1997) ...........................................................................21

Ron Beal, *From Proposal for Decision to Final Decision: What Happens in
Between?* 15 TEX. TECH ADMIN. L.J. 288, 132-141 (2006) .............................18

2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law
Treatise* § 9.8 at 67 (3d ed. 1994)..................................................................26

# ISSUES PRESENTED

1.     Defendants/Appellees were sued in their official capacities for *ultra vires* acts as required by the Supreme Court's *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369-70, 73 (Tex. 2009) decision. Did the trial court err by dismissing this case since the Defendants/Appellees were not entitled to governmental immunity because their actions (remanding the case, reopening evidence and ordering/conducting a remand of the administrative Contested Case after the PFD had issued) exceeded their statutory powers?

2.     Did the trial court err by dismissing the case below since the Texas Supreme Court has held that exhaustion of administrative remedies is not required where, as here, a government official's actions exceed his or her powers?

## ARGUMENT AND AUTHORITIES

Audi is not seeking interlocutory review of an agency's mere mistake in the exercise of its discretion. Instead, in this unique and rare situation, Audi seeks immediate declaratory and injunctive relief to prevent Appellees, who are agency actors[1], from exceeding and continuing to exceed their statutory authority by conducting a remand of an administrative contested case after a PFD had issued. _Southwestern Bell Tel., L.P. v. Emmett_, _ S.W.3d _, 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 at *7 (Tex. 2015).[2] Neither the Government Code nor the SOAH Rules gave Appellees the power to remand the Contested Case after a PFD has been issued.[3] Further, Appellees continue to exceed their authority by contining

---

[1]    Appellees have been sued in their individual capacities for their *ultra vires* acts pursuant to the requirements of the *Heinrich* case. _City of El Paso v. Heinrich_,  284 S.W.3d 366, 369 (Tex. 2007).

[2]    In *Emmett*, the Supreme Court held that the commissioners' actions "unequivocally demonstrated their intent not to comply with the statute," so AT&T's "only viable option for enforcement [of the statute]…was to bring suit seeking a declaratory judgment and prospective relief as to the [Flood Control] District.)" 2015 WL 1285326 at *7.

[3]    Due to space limitations, in this reply brief Audi collectively refers to Appellees' errors, all of which relate to their ordering and conducting the remand/reopening of evidence. Walker's Remand Order is also an *ultra vires* act because it:

- considered and ordered the ALJs to consider various untimely materials offered at the *ultra vires* remand hearing, despite the fact that the Code states: "the board or a person delegated power from the board under Section 2301.154 may consider only materials

1

to conduct remand proceedings in the Contested Case which will result in the *ultra vires* issuance of proposals, rulings and orders.

As a result, the district court erred as a matter of law when it dismissed this case because the uncontroverted evidence shows that Appellees' *ultra vire*s actions are not entitled to governmental immunity. Therefore, Audi was not required to exhaust administrative remedies before filing suit to stop these *ultra vires* actions. *See e.g., City of El Paso v. Heinrich*, 284 S.W.3d 366, 369 (Tex. 2007). Consequently, the dismissal of this lawsuit should be reversed. *Id.*

## I.    THE *ULTRA VIRES* EXCEPTION TO THE EXHAUSTION OF REMEDIES AND GOVERNMENTAL IMMUNITY DOCTRINES GAVE THE DISTRICT COURT JURISDICTION OVER THIS CASE.

Contrary to Appellees' arguments, simply because a dispute lies

---

that are submitted timely." TEX. OCC. CODE ANN. § 2301.709(a) (West 2014) (emphasis added); RR 165-167; CR 928-929; CR 1447.

- violates the rule which prohibits the Board from attempting to influence the neutral ALJs through the use of untimely and improper evidence. TEX. GOV'T CODE ANN. § 2001.058(e); CR 928-29.

- violates Section 2301.709(c) of the Code which provides that "[a] majority vote of a quorum of the board is required to adopt a final decision or order of the board" because the Remand Order materially differs from the unanimous vote of the Board by including matters that were not in the motion. TEX. OCC. CODE ANN. § 2301.709(c) (West 2014) (emphasis added); compare CR 928-929 to 159; 1908.

within an agency's jurisdiction does not end the jurisdictional inquiry[4]; rather, in cases like the present one, a court must also decide whether an exception to governmental immunity and the exhaustion of remedies doctrine applies. *See, e. g.,* *City of Sherman v. Public Utility Comm'n of Texas, 643 S.W.2d 681, 683 (Tex. 1983)*; Appellee/Intervenor's brief at p. 16-25; O'Malley and Wilkov brief at p. 9-11; Walker brief at p. 3-9 . An exception applies where, as here, agency officials act beyond their statutorily conferred powers, which allows a trial court to exercise jurisdiction regardless of whether a party has exhausted its administrative remedies. *See, e.g.,* *Emmett,* 2015 WL 1285326 at *7*; *Heinrich,* 284 S.W.3d at 369; *City of Sherman,* 643 S.W.2d at 683, 685 (Tex. 1983); *Westheimer Indep. Sch. Dist. v. Brockette,* 567 S.W.2d 780, 785 (Tex. 1978).

In fact, in April, the Texas Supreme Court reaffirmed the continued vibrancy of this *ultra vires* exception to the exhaustion of remedies requirement by stating, "… courts may intervene to provide an appropriate remedy, such as an injunction to prevent [the agency] from continuing to

---

[4]   Whether a court has jurisdiction over a dispute is a question of law that is reviewed *de novo* and without deference to the trial court's decision. *See, e.g., City of Houston v. Rhule,* 417 S.W.3d 440, 442 (Tex. 2013).

exceed its limited statutory authority." *Tex. Student Hous. Auth.*, 2015 WL 1870013, at *6.

This Court explained that, in *ultra vires* cases, "the purposes underlying the exhaustion rule are not applicable: judicial and administrative efficiency are not served, and agency policies and expertise are irrelevant, if the agency's final action will be a nullity." *Larry Koch, Inc. v. Tex. Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 839-40 (Tex. App.—Austin 2001, pet. denied).

That reasoning applies here. As is shown below, there are no facts in dispute and no agency expertise is required to determine whether Appellees' remand was authorized by the plain language of the Government Code or SOAH Rule 155.153 ("the Rule"). Thus, this lawsuit is not subject to the exhaustion of remedies requirement. As a result, the district court erred when it dismissed this lawsuit.

### A. The Uncontroverted Evidence Shows Appellees' Actions Were Not Authorized By the Code or By SOAH Rules.

Here, the relevant facts are not controverted. No one disputes the fact that the ALJs had issued a PFD in this case on July 16, 2014 or that Walker remanded the case to the ALJs on February 13, 2015, seven months

4

*after* the PFD had been issued. CR 399-502; 928-929. Similarly, no one disputes the fact that, based on Walker's Remand Order, the ALJs conducted the remand and reopened the evidence after the PFD had been issued. *See, e.g.*, CR 928-929; 1486; 1854-1867. No one disputes the fact that the remand proceedings are underway and have resulted in a new post-remand PFD. *See, e.g.*, Appellee/Intervenor's brief p. 10; O'Malley and Wilkov brief p.vi. No one disputes the fact that the remand was, and continues to be, conducted over Audi's objections and over its request that the remand proceedings be stayed to allow a court to determine whether the remand was *ultra vires*. CR 47-54; CR 74-79; 1868-1877; 1943-1945. Therefore, this lawsuit involves only a legal question, not a factual one.

### B. Exhaustion Is Not Required Where, As Here, The Only Question Is A Legal One.

Because the facts are not in dispute, the real issue here is a legal one: whether the Code or a SOAH rule gave Appellees the power to remand/reopen evidence after the PFD issued on July 16, 2014. As is shown below and in Audi's opening brief, Appellees were not given that power by the legislature. Even Appellee Walker admits in his brief that

5

there is "no specific statute [which] specifically authorizes the Board to issue a remand order such as the one in question."[5]  Walker brief at p. 9.

The Government Code states that, after a PFD is issued, the Board is only authorized to enter a final order on the PFD; or, in limited circumstances which do not apply here[6], change a SOAH finding of fact or conclusion of law, not order a remand.  TEX. GOV'T. CODE ANN. § 2001.058(e).

Similarly, SOAH Rule[7] 155.153(a)(4) does not authorize the reopening of a record after a PFD has issued.[8]  CR 928-929.  The rule is quite precise:

---

[5]     Instead, Walker relies on the powers generally granted to the Board.  But because a PFD had been issued in the Contested Case, those general powers are irrelevant to the inquiry. Instead, the specific Code section and Rule(addressing the activities that can occur after a PFD has issued) control this situation.  TEX. GOV'T. CODE ANN. § 2001.058(e); 1 TEX. ADMIN. CODE ANN. § 155.153(a)(4).

[6]     A change or modification to a PFD or order can occur only if the agency determines in writing:

> (1)     that the ALJ did not properly apply or interpret applicable law, agency rules, written policies provided, or prior administrative decisions;
>
> (2)     that a prior administrative decision on which the ALJ relied is incorrect or should be changed; or
>
> (3)     that a technical error in a finding of fact should be changed.

TEX. GOV'T. CODE ANN. § 2001.058(e).  Here, the Board did not make a determination that any of these three specified reasons for changing the ALJs' findings and conclusions existed.  CR 928-929.

[7]     SOAH's administrative rules have the same legal force as statutes.  *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248, 254 (Texas. 1999).

[8]     (a)     Judge's authority and duties. The judge shall have the authority and duty to:

6

an ALJ is only given the power to reopen the evidence if the ALJ "has **not** issued a dismissal, proposal for decision, or final decision".  1 TEX. ADMIN CODE ANN. § 155.153(a)(4) (emphasis added).  So, once a PFD has issued, the evidence cannot be reopened.

Thus, Walker exceeded the power given to him by the legislature by remanding the matter to the ALJs after the issuance of the July 16, 2014 PFD, rather than entering a final order on the original PFD as required by the Code and Rule 155.153.  For the same reasons, the ALJs exceeded their power when they accepted the remand and reopened the evidence after having issued a PFD.  1 TEX. ADMIN CODE ANN. § 155.153(a)(4).

In ordering and conducting the remand, Appellees were not exercising their discretion—in fact, they had none to exercise regarding the next procedural step in the Contested Case—entry of a final order.  Instead, they intentionally exceeded their authority by ordering and conducting the remand/reopening of evidence after the PFD had been issued. *See, e. g.,*

---

( 4)    reopen the record when justice requires, if the judge has not issued a dismissal, proposal for decision, or final decision.

1 TEX. ADMIN. CODE ANN. § 155.153(a)(4).

*Emmett*, 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 at \*7-8.  And they continue to exceed their authority by continuing the remand process.

Appellees' acts are very similar to the commissioner's anticipatory refusal to comply with the statute at issue in the *Emmett* case, which the Texas Supreme Court held to be *ultra vires* acts warranting declaratory and injunctive relief.   *Emmett*, 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 at \*7-8; *see Heinrich*, 284 S.W.3d  at 378.

## C.    Purely Legal Questions Are More Appropriately Addressed By The Courts.

This Court has repeatedly held that the exhaustion of remedies doctrine is inapplicable when a case presents a purely legal question because these questions are more appropriately addressed by the courts than by an administrative agency. *See Mag-T*, 161 S.W.3d at 625; *Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App. - Austin 2004), aff'd, 209 S.W.3d 83 (Tex. 2006); *Friends of Canyon Lake*, 96 S.W.3d at 527 ("[T]he requirement of exhaustion of administrative remedies generally has been held inapplicable to questions of law.").

Even Appellees O'Malley and Wilkov agree that this lawsuit presents a purely legal question—"[t]he issue is purely one of legal interpretation."

O'Malley and Wilkov brief at p. 8. Moreover, Appellee O'Malley previously recognized that this legal question is best addressed by the courts. In fact, in March of this year, O'Malley denied Audi's request for a stay of the administrative remand and actually suggested that Audi pursue declaratory relief in a district court:

> JUDGE O'MALLEY: . . . You know that if you really want something to stop, then you have a - - you can go to district court and get a stay. And if you - - we have had that happen before where we've had a remand or a case and, for whatever reason, a party believes that we don't have authority to move forward, then they get a stay in district court. And, of course, then we are stayed . . . . So I think that would be your best option if you truly believed they lacked authority or we need to stop in our tracks, if we got some sort of district court stay order, then that would be the process we would work with.

CR 77-78.

Ironically, it was only after Audi followed his suggestion that O'Malley and the other Appellees began to claim that the district court did not have jurisdiction over this declaratory judgment lawsuit.

This lawsuit presents a purely legal question; therefore, the district court should not have dismissed the case because the "legal question" exception to the exhaustion of remedies doctrine applies in this case. *Hous. Indep. Sch. Dist. v. Rose*, No. 01-13-00018-CV, 2013 WL 3354724, at *3 (Tex.

9

App.—Houston [1st Dist.] July 2, 2013, no pet.) (mem. op.) ("the administrative exhaustion requirement does not apply," so a party can "seek relief in the courts without overcoming that hurdle . . . if the issues presented involve a pure question of law, such as when the uncontroverted facts show that the board lacked authority to take the action that caused the harm . . .").

### D. Exhaustion of Remedies Would Be Futile and Would Actually Prevent Meaningful Review of Appellees' Acts.

Similarly, an exception to the exhaustion of administrative remedies doctrine applies when, as here, pursuit of administrative remedies would be futile. *Strayhorn*, 128 S.W.3d at 780-81; *Hous. Indep. Sch. Dist.*, 2013 WL 3354724, at *4.

For example, when, as here, the parties are locked into adversarial positions and the agency is fully aware of the plaintiff's legal position, but simply holds an opposing view of the law, this Court has held that there is no point in forcing the plaintiff to go through an administrative process before challenging the agency's view of the law. *Strayhorn*, 128 S.W.3d at 781. In fact, this Court has said that doing so would be "an exercise in

futility" because the outcome of the administrative case is already obvious. *Id.*

This "futility" exception to the exhaustion rule also applies to this case.  As shown above, Appellees were repeatedly made aware of Audi's position on this legal question, yet they simply disagree with Audi's legal position and have resolutely begun the remand process over Audi's objections. *See, e.g.*, CR 928-929; 1486; 854-1867.

In fact, at Chairman Walker's instruction, the ALJs reopened the evidence in the remanded Contested Case, have held hearings in that matter, have used an expedited schedule for hearings, and have now issued a post-remand PFD[9].  *See, e.g.,* CR 133, 506-526; 152-153; 169, 928-29; Ritsema Affidavit submitted with Motion for Temporary Relief.  The issuance of their new post-remand PFD telegraphs the fact that the Board's final order, which will be based on it, is a foregone conclusion.  The post-remand PFD also triggers future actions.  For example, the Board will now place the PFD on its agenda at a future meeting and plans to use this as a basis for a final order.  *See, e.g.,* CR 169; Ritsema Affidavit.  Appellees'

---

[9]     Appellees have asked this court to take judicial notice of this post-remand PFD. *See, e.g.,* Appellee/Intervenor's brief p. 10; O'Malley & Wilkov brief p.vi.

actions therefore show that they continue to hold firmly to their legal position and have "unequivocally demonstrated their intent not to comply" with the Code and the Rule. *Emmett*, 2015 WL 1285326 at *7. As such, there is no point in forcing the parties to undergo an administrative remand process before allowing Audi to challenge the *ultra vires* nature of that process. *See, e.g., Emmett*, 2015 WL 1285326 at *7 (Tex. 2015); *Strayhorn,* 128 S.W.3d at 781.

Moreover, as will be shown below, if this remand is allowed to reach its ultimate conclusion, it will moot the relief Audi seeks in this lawsuit. Therefore exhaustion of remedies is not required, so the district court erred in dismissing this case. *Id.*

## E. SOAH Interprets the Plain Language of Rule 155.153 As A Limitation On Remand/Reopening the Record, Just As Audi Does.

Appellees next argue that, despite the plain language of the Government Code and Rule 155.153, the Court should defer to their belief that the ALJs were authorized to remand/reopen the evidence after issuing a PFD. O'Malley & Wilkov Brief p. 5-7; Appellee/Intervenor's brief at p. 32-34; Walker brief p. 9-10. It is important to note that Appellees do not argue that the Code and the Rule are ambiguous; instead, they ask this

12

Court to ignore the plain language of the Code and the Rule and to adopt their self-serving argument that agencies often remand administrative cases to ALJs for further fact findings. *See,* O'Malley & Wilkov Brief p. 5-7; Appellee/Intervenor's brief at p. 32-34; Walker brief p. 9-10.

Appellees' circular argument ignores at least four things: 1) their argument conflicts with the plain and unambiguous terms of SOAH Rule 155.153 and the Government Code; 2) the fact that SOAH previously agreed with Audi that the Rule does not permit remand after a PFD has been issued; 3) agency actors cannot exercise powers, such as remand power, that has not been granted to them by the legislature; and, 4) different administrative schemes may allow for remand, but the scheme at issue here does not.

### 1. Appellees' argument is contrary to the plain language of the Code and Rule and would render the Rule meaningless.

Appellees' argument ignores the actual language of the Government Code and SOAH Rule 155.153 because, as discussed previously, the relevant Code section simply does not list remand/reopening evidence as an authorized action after a PFD has been issued. TEX. GOV'T. CODE ANN. § 2001.058(e). Similarly, Rule 155.153 only authorizes an ALJ to reopen the

13

evidence in an administrative matter when a PFD has ***not*** already issued.[10] 1 TEX. ADMIN CODE ANN. § 155.153(a)(4). This unambiguous language shows that Appellees were not granted authority to remand/reopen evidence after a PFD. "[U]nambiguous text equals determinative text" and, "[at] this point, the judge's inquiry [into the meaning of a statute or rule] is at an end." *In re Office of Attorney Gen.*, 422 S.W.3d 623, 629 (Tex. 2013); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652 (Tex. 2006). Therefore, it is inappropriate for Appellees to resort to extra-textual information (such as their own interpretation of the rule) because deference to an agency's interpretation is only permitted when the language of a rule or statute is not clear. *See, e.g.*, *In re Office of Attorney Gen.*, 422 S.W.3d at 629; *Southwest Royalties, Inc. v. Combs*, 2014 WL 4058950 at *3 (Tex. App.—Austin 2014 pet. filed); *Meno v. Kitchens*, 873 S.W.2d 789, 792 (Tex. App.—Austin 1994, writ denied).

Further, Appellees' interpretation would render Rule 155.153 (the rule outlining the powers of the ALJs) meaningless because it would allow

---

[10] Here, there is no question that the ALJs had previously issued a PFD in this case before Walker ordered the remand and the remand was accepted by the ALJs. *See, e.g.*, CR 928-929; 1486; 1854-1867.

the ALJs to define their own powers.  *Texas Commission on Environmental Quality v. Texas Farm Bureau*, 460 S.W.3d 264, 270 (Tex. App.—Corpus Christi 2015, pet. filed).  Any construction,[11] including that suggested by an agency, which renders a part of a statute meaningless or absurd is not proper.  *Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999); *Texas Orthopaedic Ass'n. v. Texas State Bd.*, 254 S.W.3d 714, 719-20 (Tex. App.—Austin 2008, pet. denied).  Here, allowing the ALJs to construe their power after a PFD has been issued would render Rule 155.153 meaningless.

### 2. Appellees' interpretation of Rule 155.153 conflicts with SOAH's interpretation.

However, even if the Court were to look to extra-textual information, Appellees' argument fails because *SOAH previously agreed with Audi's interpretation* of Rule 155.153[12] by publicly stating that evidence in a contested case can only be reopened if a PFD had not previously issued.

---

[11]     Administrative rules have the same legal force as statutes and are interpreted in the same manner as statutes.  *See, e.g.*, *Ellis v. Reliant Energy Retail Servs., L.L.C.*, 418 S.W.3d 235, 248 (Tex. App.—Houston [14th Dist.] 2013).

[12]     SOAH Rule 155.153 was previously numbered Rule 155.15.  The prohibition on reopening the evidence in an administrative matter after a PFD has been issued remains intact in the current version of the Rule.  *Compare* CR 1471 with 1 TEX. ADMIN. CODE ANN. §155.153(a)(4).

15

CR 1468, 1470.

More specifically, when this rule was amended in 2004, SOAH stated in the Texas Register that the amendment was designed to "clarify" the fact that an ALJ may *only* reopen the evidence when "a dismissal, proposal for decision, or final order has not been issued."   CR 1468, 1471.  At that time, SOAH also stated in the Texas Register that it had adopted the 2004 amendments to "update, streamline, and improve the uniform procedural rules" to "further enhance SOAH's ability to provide for an efficient, just, fair, and impartial adjudication of the rights of the parties under a consistent set of procedures."   CR 1468.  As such, Appellees should not now be allowed to take a position that is inconsistent with SOAH's prior interpretation of this rule.

> **3.    The District Court erred by allowing Appellees, who are agency actors, to self-create new powers not given to them by the legislature.**

Appellees' interpretation of the Rule would effectively give Appellees a new power—the power to remand/reopen evidence after a PFD has issued—that was not conferred on them by the legislature.  *See e.g., Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.)* ("agencies are creatures of statute and have

no inherent authority," therefore, agencies can "exercise only those powers conferred upon them by law in clear and express language, and no additional authority will be implied by judicial construction."). As such, agency employees cannot self-create new powers, only the legislature can create them. *Pub. Util. Comm'n v. City Pub. Serv. Bd. Of San Antonio, 53 S.W.3d 310, 316 (Tex. 2001)*; *see Texas Farm Bureau, 460 S.W.3d at 272*.

Had the legislature intended to give Appellees the power to order or conduct a remand after the issuance of a PFD in these types of disputes, it would have granted the Board that specific power, as it has done with a limited number of other agencies (such as the Texas Commission on Environmental Quality and the Public Utility Commission). 30 TEX. ADMIN. CODE ANN. § 80.265; 16 TEX. ADMIN. CODE ANN. § 22.262 (c). Appellees cite no authority specifically granting them that power. In fact, Appellee Walker admits that, here, there is "no specific statute [which] specifically authorizes the Board to issue a remand order such as the one in question." Walker brief p. 5.

Tellingly, Appellees do not cite a single case directly assessing Rule 155.153 in support of their argument that a remand is allowed after a PFD

17

has been issued. *See e.g.,* O'Malley & Wilkov Brief p. 5; Walker brief p. 9-10; Appellee/Intervenor brief p. 32-34. Nor do they cite a single case in which a remand was authorized after a PFD issued in a contested case before the Texas Department of Motor Vehicles Motor Vehicle Division. *See e.g.,* O'Malley & Wilkov Brief p. 5; Walker brief p. 9-10; Appellee/Intervenor brief p. 32-34.

While it is true that *some* administrative cases can be remanded to an ALJ, that remand can *only* occur where agencies have been given statutory authority to remand a contested case back to SOAH. *See* Ron Beal, *From Proposal for Decision to Final Decision: What Happens in Between?*, 15 TEX. TECH ADMIN. L.J. 288, 132-141 (2006); TEX. GOV'T CODE ANN. § 2003.047(m) (remand legislatively granted for cases heard by the Natural Resources Conservation Division of SOAH); 30 TEX. ADMIN. CODE ANN. § 80.265) (remand specifically granted for TCEQ cases); 16 TEX. ADMIN. CODE ANN. § 22.262(c)(remand power granted for PUC cases); 1 TEX. ADMIN. CODE ANN. § 155.3 (SOAH's procedural rules also recognize the unique authority of the PUC and TCEQ to remand contested cases and provide that PUC and TCEQ rules control these situations).

18

Absent a legislative grant of remand power, Appellees could not grant themselves that power. *See Pub. Util. Comm'n v. City Pub. Serv. Bd. Of San Antonio,* 53 S.W.3d 310, 316 (Tex. 2001); *Texas Farm Bureau,* 460 S.W.3d at 272. Therefore, Appellees were bound by § 2001.058(c) and SOAH Rule 155.153 which do not authorize remand/reopening of evidence after a PFD has been issued.

For one, or all, of these reasons, Appellees' argument must be rejected and the Court should hold that they exceeded their authority by ordering and conducting the remand and that any action or decision resulting from that improper process is also *ultra vires*. *See Emmett,* 58 TEX. SUP. CT. J. 567; 2015 WL 1285326 at *7-8.

## II. AUDI DOES NOT SEEK IMPROPER RETROACTIVE RELIEF NOR DOES IT SEEK REDUNDANT RELIEF.

Appellees next seek to shield their *ultra vires* actions from judicial review by erroneously arguing that: 1) the harm in this case cannot be remedied because the remand occurred in the past; and 2) the relief Audi seeks is redundant of relief available after the exhaustion of administrative remedies. These arguments are factually and legally erroneous.

19

### A. Audi Does Not Seek Retroactive Relief.

Appellees' first argument is simply wrong. While the *ultra vires* remand process has begun and a new post-remand PFD has issued, the remand has not progressed beyond that state and a final order has not been entered. Even if the post-remand PFD was a valid PFD, to become final, a PFD must still be sent to the Board, placed on its agenda, a final order rendered, and all rehearing motions addressed. None of those actions have yet occurred, although Appellees are rapidly moving toward those goals. *See, e.g.,* CR 169. And, given the fact that the post-remand PFD has been issued, the Board has stated an intent to enter a final order soon. *See, e.g.,* CR 169. Thus, Appellees' *ultra vires* actions continue to occur and are like the *ultra vires* actions in the *Emmett* case, which the Texas Supreme Court enjoined. *Emmett,* 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 at *7-8.

As a result, declaratory and prospective injunctive relief is still available to prevent the issuance of final order infected by Appellees' *ultra vires* remand process.

Appellees' "retroactive relief" argument is also ironic, given the fact that Appellees opposed Audi's request for emergency interim relief from this Court—which would have prevented some of their conduct, such as

the issuance of a post-remand PFD, from becoming past conduct. Nevertheless, the relief Audi seeks via this lawsuit is not retroactive, but is needed immediately to protect this Court's jurisdiction over this appeal and to prevent this appeal from becoming moot. TEX. GOV'T CODE ANN. § 22.221(a); *Madison v. Martinez, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd)* (court of appeals enjoined writ of execution to prevent Appellees from being ousted from their home before court could determine the appeal); *In re Shields, 190 S.W.3d 717, 719* (Tex. App.—Dallas 2005, orig. proceeding) ("A court of appeals may issue such a writ to prevent an appeal from becoming moot"). Emmy Edwards, *Ancillary Powers of the Courts of Appeals,* 10 APP. ADVOCATE 8, 9-10 (1997).

### B. The Relief Requested By Audi Is Not Redundant of Relief It Could Obtain In An Appeal After A Final Order In The Contested Case.

In another attempt to shield their *ultra vires* acts from meaningful review, Appellees argue that the relief Audi seeks in this declaratory action is redundant of the relief available in an appeal from a final decision in the Contested Case. *See, e.g.,* O'Malley and Wilkov brief p. 9-11. Again, that is not true. In this case, Audi actually seeks to: 1) obtain a declaration that the improper remand process exceeds Appellees' authority; and, 2) halt that

21

*ultra vires* remand process (to stop the harm to Audi's rights and prevent the unnecessary waste of time and expense related to it) ***before*** a final decision, resulting from the *ultra vires* remand process, is entered. By its very nature, this type of prospective and declaratory relief will not be available in an appeal after a final agency decision—the acts will be *fait accompli*.

Appellees' argument is identical to the argument rejected by the Texas Supreme Court in June in the *Patel* case. *Patel v. Texas Department of Licensing and Regulation*, 2015 WL 3982687 (Tex. 2015). There, the Texas Supreme Court held that neither sovereign immunity nor the redundant remedies doctrine barred a lawsuit brought by a group of commercial eyebrow threaders against the Department of Licensing and Regulation in which the threaders sought a declaration that the cosmetology licensing scheme violated their constitutional rights. 2015 WL at *6-7. There, the State sought to dismiss the threaders' claims by arguing that their declaratory judgment action was redundant of other available remedies such as a direct appeal from a final agency order under TEXAS GOV'T CODE ANN. § 2001.171-2001.174.

22

The Texas Supreme Court rejected the State's argument because an appeal from an administrative finding is limited to reversing the final order issued by the agency and therefore does not provide the declaratory or prospective injunctive relief that is available through a declaratory judgment action. *Id.* at *7. Since an appeal could not address the constitutionality of the statutes, the Court held that the threaders' claims were not redundant of an appeal from an administrative decision. *Id.*

Likewise, here, Audi seeks a declaration that Appellees' remand procedure exceeds their authority and any final decision resulting from it is *ultra vires*, as well as an injunction preventing that process from reaching a conclusion. This relief cannot be granted after the administrative process is complete. Therefore, Audi seeks to stop the unlawful remand process and to prevent an improper final decision that is tainted by that process from being rendered in it. As such, the *Patel* case controls the outcome of this dispute and shows that it was error to dismiss this case. *Id.*

Moreover, the exhaustion of remedies doctrine does not apply when the administrative process would cause or permit harm to the plaintiff that the administrative process itself cannot remedy. *Hous. Fed'n of Teachers,*

23

*Local 2415 v. Hous. Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex. 1987). As the

Texas Supreme Court has explained, irreparable harm will be suffered and

if the agency is unable to provide relief, the courts may properly exercise

their jurisdiction in order to provide an adequate remedy. *Id.* at 646. In

*Houston Fed'n of Teachers,* the Supreme Court held that a group of teachers

were not required to exhaust their administrative remedies in order to

challenge the school district's lengthening of their workday because

implementation of the new workday would "affect their child care

arrangements, transportation arrangements, and second jobs." *Id.* at 645-

46. The Court reasoned that because the teachers would thereby suffer

"immediate and irreparable harm" if the plan were implemented while

they first pursued an administrative remedy, and because the

administrative process itself could not provide any remedy for that harm,

the trial court was not barred by the exhaustion doctrine from adjudicating

the dispute. *Id.* at 646.

Likewise, here, once the *ultra vires* remand reaches its conclusion, no

court can remedy the fact that an improper proceeding has taken place. No

court can compensate Audi for having to participate in an improper

proceeding or for the loss of time devoted to that participation. Thus, the relief sought in this lawsuit is not redundant of relief available after exhaustion of administrative remedies.

### III. STATUTES, RULES AND PROCEDURES MUST BE APPLIED UNIFORMLY IN ALL CONTESTED CASES TO MAINTAIN A FAIR PROCESS FOR ALL.

Appellees departed from their regular procedures after a witness[13] to the Contested Case made *ex parte* contact with the Board about the Contested Case. CR 1940-1941. At best, this contact, coupled with the resulting highly unique remand process, gives the appearance of impropriety and brings into doubt the fairness of the administrative adjudication. Such concerns were behind the creation of SOAH. In fact, SOAH was put in place to guarantee neutral, independent fact finders in contested administrative hearings. *Mid-South Pavers*, 246 S.W.3d at 723; 15

---

[13]    More specifically, after invoking the name (redacted) of a friend of the Robertson family, Robertson then addresses the rehearing of the contested case and asks the Board's Vice-Chair to consider those factors when voting on his groups' motion for rehearing:

> I am not sure you were aware of this connection at the last [Board] meeting you attended and I would appreciate that you take this relationship into consideration as you think about how you are voting should we be successful in getting a rehearing which I understand will be up for a vote soon.

CR 1941.

TEX. TECH ADMIN. L.J. at 127-33; 2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* § 9.8 at 67 (3d ed. 1994).

In *Mid-South Pavers*, the Supreme Court held that agencies, like the Motor Vehicle Board, must respect the due process rights of those who appear before it in contested cases. *Id* at 722. In fact, it stated that a "neutral decision maker is crucial" to a fair administrative hearing. *Id* at 723. SOAH was created to make ALJs independent from agency political pressure and Code § 2001.058(d) was designed to prevent fact-finders from "cutting the cloth to fit the pattern in order to please agency heads." Pete Schenkkan, *Texas Administrative Law: Trials, Triumphs and New Challenges*, 7 TEX. TECH ADMIN. L.J. 288, 323 (2006). This is precisely the reason the legislature failed to give the Board and the ALJs remand power after a PFD has issued.

Thus, where, as here, an agency actor makes a major departure from the statutes and rules governing the contested case process and "cuts the cloth to fit the pattern," it undermines this neutral SOAH structure, and, at the very least, casts a shadow over the perceived fairness of the proceeding. *Id.*; *see Montgomery I.S.D. v. Davis*, 34 S.W.3d 559, 564 (Tex. 2000). The

Supreme Court has held that "[a]n independent fact finder is integral to the structure of the hearing-examiner process." *Mid-South Pavers*, 246 S.W.3d at 723 (citing *Montgomery I.S.D. v. Davis*, 34 S.W.3d at 564).

Allowing Appellees to disregard the rules limiting their options and prohibiting the reopening of evidence after issuance of a PFD is not what the legislature envisioned when it enacted SOAH. *See Mid-South Pavers, 246 S.W.3d at 726*. At a minimum, Appellees' actions look suspicious and, at its worst, their actions impact the due process rights of Audi. As such, this Court should reverse the decision below.

## PRAYER AND REQUEST FOR RELIEF

For all, or any of the reasons stated above, Audi asks this Court to reverse the decision below and to enter an order: declaring that the remand/reopening of evidence exceeded Appellees' power and that any action, order or ruling emanating from that remand is also *ultra vires*; 2) declaring that any post-remand PFD or final order that is based on evidence entered during the remand is *ultra vires* and that any attempt to issue, act on or otherwise enforce such proposals or rulings is *ultra vires*; 3)

declaring that the pre-remand Final Order[14] issued by the Board on September 12, 2004 (which dismissed the contested case) was the last valid and authorized action by any of the Appellees in the contested case and that anything other than enforcing that order would be *ultra vires*. Audi also ask the Court to grant injunctive relief preventing the Appellees from taking any actions to further the *ultra vires* remand in the Contested Case. Audi also requests that this Court limit the record in the Contested Case to its pre-remand state. Audi further asks the Court to grant it all other relief to which it is entitled.

---

[14]    CR 504-505.

Respectfully submitted,

King & Spalding LLP


By: /s/ S. Shawn Stephens
S. Shawn Stephens
Texas Bar No. 19160060
sstephens@kslaw.com
James P. Sullivan
Texas Bar No. 24070702
jsullivan@kslaw.com
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
BDonley@Bakerlaw.com
Mark E. Smith
Texas Bar No. 24070639
mesmith@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile:  (713) 751-1717

*Attorneys for Appellants*
*Volkswagen Group of America, Inc. and*
*Audi of America, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that on September 1 , 2015, that this Appellants' Reply Brief was produced on a computer and contains 5,969 words, excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, and statement of the issues presented, and thus does not exceed the 7,500 word limit provided for by TEX. R. APP. P. 9.4(i).

/s/ S. Shawn Stephens
S. Shawn Stephens

## CERTIFICATE OF FILING AND SERVICE

I certify that on September 1, 2015, I used the Court's electronic case filing system to file this Appellants' Reply Brief and to serve this document on counsel for appellees as follows:

William R. Crocker
crockerlaw@earthlink.net
807 Brazos, Ste. 1014
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Kimberly Fuchs
kimberly.fuchs@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellees Michael J. O'Malley and Penny A. Wilkov*

J. Bruce Bennett
jbb.chblaw@sbcglobal.net
Cardwell, Hart & Bennett,
LLP
807 Brazos, Suite 1001
Austin, Texas 78701

*Counsel for Appellees Ricardo
M. Weitz; Hi Tech Imports
North, LLC; Hi Tech Imports,
South, LLC; and Hi Tech
Imports, LLC*

Joseph W. Letzer
jletzer@burr.com
Dent M. Morton
dmorton@burr.com
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo
M. Weitz; Hi Tech Imports
North, LLC; Hi Tech Imports,
South, LLC; and Hi Tech
Imports, LLC*

Dennis McKinney
dennis.mckinney@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellee John Walker III*

/s/ S. Shawn Stephens
S. Shawn Stephens